UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN GIBSON,

    Petitioner,

v.

JOE LIZARRAGA,

    Respondent.

Case No. 17-cv-05317-JD

**ORDER OF DISMISSAL**

Petitioner, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Monterey County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

Petitioner was found guilty at a jury trial of killing his wife, but the jury was undecided if the murder was willful, premeditated, and deliberate. *People v. Gibson*, No. H037519, 2014 WL 1278631, at *4-5 (Cal. Ct. App. March 28, 2014). The trial court ordered a retrial on the applicable degree of murder pursuant to state law. *Id*. at *5. Prior to retrial the parties reached an agreement where petitioner would be sentenced for second-degree murder and the prosecution would dismiss the premeditation allegation. *Id*. Gibson was sentenced to 15 years to life in prison. *Id*.

Petitioner filed a prior federal habeas action in this Court. *Gibson v. Lizarraga*, No. 14-cv-3717 JD. That petition was denied on the merits on January 26, 2016. Docket No. 15 in No. 14-cv-3717 JD. The Ninth Circuit denied a certificate of appealability on July 26, 2016. Docket No. 19 in No. 14-cv-3717 JD.

## DISCUSSION

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner presents claims regarding the same underlying conviction that was reviewed in the prior petition. While the prior petition concerned the trial and this petition presents claims regarding the subsequent agreement, both petitions involve the same conviction. Yet, petitioner has not provided evidence that the Ninth Circuit has authorized a successive petition. The petition is dismissed but petitioner may refile the petition if he receives permission from the Ninth Circuit.

## CONCLUSION

1. The petition is **DISMISSED** for the reasons set forth above. A certificate of appealability is **DENIED**.

2. The Clerk shall close this action.

**IT IS SO ORDERED.**

Dated: November 7, 2017

JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN GIBSON,<br><br>    Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA,<br><br>    Defendant. | Case No. 17-cv-05317-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 7, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dan Gibson
AK2511
P.O. Box 409060
Mule Creek, CA 95640

Dated: November 7, 2017

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO